United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

|  |  |  |
|---|---|---|
| JAIME CERVANTES ZUNIGA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-175** |
| | § | |
| WARDEN, PORT ISABEL | § | |
| SERVICE DETENTION CENTER, | § | |
| in their official capacity, *et al.*, | § | |
| Respondents. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Petitioner Jaime Cervantes Zuniga's "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Zuniga's "§ 2241 Petition") and "Statement in Response to the Court's Order" ("Statement"). Dkt. Nos. 1, 6. For the reasons discussed below, it is recommended that the Court: (1) **DENY** Zuniga's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Zuniga, a citizen of Mexico, is in immigration custody at the Port Isabel Service Detention Center ("PISDC") located in Los Fresnos, Texas. Dkt. No. 1 at 5. In his § 2241 Petition, Zuniga states that he has lived in the United States since 2001. *Id*. at 6. On December 8, 2025, Zuniga was arrested by the United States Immigration and Customs Enforcement ("ICE"). *Id*. Subsequently, ICE transferred Zuniga to PISDC, where he remains detained. *Id*.

---

[1] Information obtained from Zuniga's § 2241 Petition. *See* Dkt. No. 1.

The Department of Homeland Security ("DHS") charged Zuniga as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for entry to the United States without inspection. Dkt. No. 1-1 at 6. DHS subsequently placed Zuniga into removal proceedings, detaining him under 8 U.S.C. § 1225(b)(2)(A) (hereinafter, "§ 1225(b)(2)(A)"). *Id.* As a result, Zuniga is subject to mandatory detention pending his removal proceedings.

## II.    LEGAL STANDARDS

### A.    28 U.S.C. § 2241: *Habeas Review*

Under 28 U.S.C. § 2241, Congress authorized district courts to resolve habeas petitions, including immigration-detention cases. 28 U.S.C. § 2241(a), (c)(1), (c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### B.    *The Immigration & Nationality Act:* § 1225(b)(2)(A)

Under § 1225(b)(2)(A), in the case of an alien who is an applicant for admission, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under § 1229a[.]" When an alien is held under § 1225(b)(2)(A), the statute

mandates detention pending the resolution of the alien's removal proceedings, subject to certain narrow exceptions[2]. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

Under 8 U.S.C. 1226(a) (hereinafter, "§ 1226(a)"), "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Unlike § 1225(b)(2)(A), § 1226(a) allows, but does not require, the Attorney General to release detained aliens on bond. 28 U.S.C. § 1226(a)(2)(A)–(B).

On February 6, 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Buenrostro-Mendez* held, as a matter of statutory interpretation, that DHS properly classified and detained noncitizens who are not admitted to the United States under § 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 502. The Fifth Circuit held that "presence without admission deems the [aliens] to be applicants for admission." *Id*. Further, the Fifth Circuit held that "seeking admission" is equivalent to being an "applicant for admission" by operation of law. *Id*. As a result, aliens who do not show "clearly and beyond a doubt that" they are entitled to be admitted to the United States "shall be detained." *See id*. (citing 8 U.S.C. § 1225(b)(2)(A)).

However, while *Buenrostro-Mendez* forecloses any statutory claim that might be raised with respect to an alien's detention under § 1225(b)(2)(A), it does not address any constitutional claims relating to the alien's detention under the statute. Accordingly, a

---

[2] The Secretary of Homeland Security may temporarily parole into the United States "any alien applying for admission" on a "case-by-case basis for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); *see Biden v. Texas*, 597 U.S. 785, 806 (2022). However, once the purposes of the parole have been served, the alien must immediately be returned to custody, and his case "shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

court considering a habeas petition seeking relief with respect to § 1225(b)(2)(A) must still review any constitutional claims raised by a petitioner.

## C.    *Fifth Amendment Due Process Clause: Demore v. Kim*

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).  However, the Supreme Court has recognized that detention during deportation proceedings is a constitutionally valid aspect of the deportation process.  *Demore v. Kim*, 538 U.S. 510, 523 (2003); *see also Wong Wing v. United States*, 163 U.S. 228, 235 (1896); *see also Zadvydas v. Davis*, 533 U.S. 678, 697 (2001).

The Supreme Court reasoned that detention pending an alien's removal proceedings "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings." *Zadvydas*, 533 U.S. at 528.  The Supreme Court rejected Zadvydas's arguments that mandatory detention was unnecessary to prevent aliens from absconding during removal proceedings, stating that "the Due Process Clause does not require [the Government] to employ the least burdensome means to accomplish its goal." *Id*.

## III.    DISCUSSION

In his § 2241 Petition, Zuniga challenges the Governments' ability to detain him without an individualized bond hearing under § 1225(b)(2)(A) and the Fifth Amendment Due Process Clause.  Dkt. No. 1 at 9–12.

**A.** ***Buenrostro-Mendez* forecloses any relief with respect to Zuniga's claim that his continued detention violates the INA.**

In his § 2241 Petition, Zuniga argues that the mandatory detention provision under § 1225(b)(2)(A) does not apply to all inadmissible noncitizens residing in the United States. Dkt. No. 1 at 9. Zuniga states that he is misclassified as an "applicant for admission" under § 1225(b)(2)(A) due to his substantial ties and presence in the United States. *Id.*

In light of the Fifth Circuit's ruling in *Buenrostro-Mendez*, Zuniga's argument that he is misclassified as an "applicant for admission" fails. Critically, Zuniga admits that he entered the country without being admitted or paroled. Dkt. No. 1 at 2. As a result, Zuniga is properly classified as "an applicant for admission" who is "seeking admission" under § 1225(b)(2)(A); DHS "shall detain" Zuniga pending his removal proceedings.

Further, in Zuniga's Statement, he acknowledges that *Buenrostro-Mendez* forecloses his statutory claim, conceding that his detention must be governed by § 1225(b)(2)(A). Dkt. No. 6 at 1. Accordingly, Petitioner's statutory claim that his detention under § 1225(b)(2)(A) is improper and should be denied.

**B.** **Zuniga's continued detention is not a violation of the Fifth Amendment Due Process Clause, as detention during removal proceedings is constitutionally permissible**

However, Zuniga asserts that his § 2241 Petition should not be denied because he raises an independent constitutional challenge that "his continued civil detention without any neutral, individualized determination of whether his continued confinement is necessary to serve the Government's legitimate interest." Dkt. No. 6 at 2. Zuniga rejects his detention, stating "[d]etention for non-criminal purposes is only allowed [']in narrow nonpunitive circumstances, where a special justification... outweighs the individual's

constitutionally protected interest in avoiding physical constraint[']."  Dkt. No. 1 at 10 (citing *Zadvydas*, 533 at 690).

As established above, Zuniga is properly detained under § 1225(b)(2)(A). Therefore, the Court must evaluate whether his detention pending his removal proceedings is a violation of his Due Process rights.  The Court finds the Supreme Court's decision in *Demore* controlling in this instance.  While the *Demore* decision focused on § 1226(c), which required mandatory detention for aliens who were convicted of one of a specified set of crimes, the Supreme Court did not rely on a prior criminal conviction as a prerequisite to its holding.  Instead, the Supreme Court focused on the Government's interest in ensuring that aliens did not abscond prior to or during their removal proceedings.  *Id.* at 528.  Further, it explicitly addressed the constitutional validity of mandatory detention during removal proceedings, in general.  *Id.* at 531.  The Court, then, finds that same reasoning applies to Zuniga's detention under § 1225(b)(2)(A).

The Court finds that Zuniga's continued detention under § 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment. Accordingly, Zuniga's constitutional claim should be denied.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DENY** Zuniga's § 2241 Petition; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.    NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **2nd** day of **June, 2026** at Brownsville, Texas.

_____

**Ignacio Torteya, III**
**United States Magistrate Judge**